UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QASHONTAE HOSOMLA SHORT,

        Plaintiff,                   Case No. 2: 25-cv-10998
                                                 District Judge David M. Lawson
v.                                                 Magistrate Judge Anthony P. Patti

MICHAEL SULLIVAN et al.,

        Defendant.
_____/

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO
DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1)</u>**

**I.**      **RECOMMENDATION**: The Court should **DISMISS** Plaintiff's complaint (ECF No. 1), because it fails to comply with Fed. R. Civ. P. 8(a) and, thus, "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §§ 1915(e)(2)(B)(ii). Further, to the extent the complaint is capable of discernment, the allegations found therein are frivolous and do not allege a cause of action over which this Court has subject matter jurisdiction.

**II.**      **REPORT:**

    **A.**      **Background**

On April 7, 2025, QaShontae Hosomla Short filed this *pro se* complaint against various defendants, whose only discernible connection to one another is that they live near Plaintiff, have lived near Plaintiff in the past, have crossed paths

with Plaintiff, or have otherwise come under the notice of Plaintiff. On April 21, 2025, Judge Lawson granted Plaintiff's application to proceed without prepaying fees or costs. (ECF No. 6.) At the same time, Judge Lawson referred this case to me for, *inter alia*, "the screening of the complaint to determine if it should be summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)." (ECF No. 7.) These statutes require the Court to "dismiss the case at any time if the court determines that . . . the action" is "frivolous or malicious[,]" "fails to state a claim on which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see also* 28 U.S.C. § 1915A(b)(1-2).

**B.   Discussion**

Complaints by non-prisoners should be screened under 28 U.S.C. § 1915(e)(2)(B). *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."). *See also Dillard v. Michigan*, No. 1:21-CV-11257, 2022 WL 125523, at *2 (E.D. Mich. Jan. 12, 2022) (Ludington, J.) (*quoting In re Prison Litig. Reform Act*).

In pertinent part, the *in forma pauperis* statute directs the Court to "dismiss the case at any time if the court determines" that it "is frivolous or malicious" or

2

"fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i),(ii).  An action must be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "Under § 1915(e), courts must dismiss a complaint when the factual contentions [on which it relies] are clearly baseless." *Anson v. Corr. Corp. of Am.*, 529 Fed. Appx. 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327).  Dismissal is appropriate where the "claims describ[e] fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 327–328.

Further, the Federal Rules of Civil Procedure provide that "[a] pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  As the Supreme Court has instructed:

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in *[Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)]*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-

3

> me accusation. . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (internal citations omitted). The Supreme Court further stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

Plaintiff's allegations are presented in two lengthy paragraphs, under the "Statement of Claim" and "Relief" sections of her form complaint. (ECF No. 1, PageID.5-6.) In those paragraphs, she describes a pattern of coincidences and accidents which have occurred to her, which she attributes to her connections to Defendants. For example, Plaintiff indicates that on February 2, 2025, her car was "parked and starting perfectly fine," but after she unloaded items from her car, she came back to discover that her car had been vandalized and that additionally, her "cell phone stopped working and wouldn't allow [her] to dial out." (ECF No. 1, PageID.5.) She contends that in December 2020, she was "having similar issues of

4

harassment and someone breaking and entering into [her] apartment but no signs of forced entry." (*Id.*) She states that at the time she lived next to a person named "Robinson" and that she now lives near a "Robinson," and that "[t]his appears to be at least the 3rd time a ROBINSON has been in the vicinity where [she is] having problems." (*Id.*, emphasis in original) She contends that, at some point, she was living with "Mr. Griffin" and she "kept seeing newspaper articles about a 'Griffin' killing or assaulting his live in girlfriend named 'Shontae,'" but that when she attempted to print the article and/or send it to Mr. Griffin she noticed that "many messages that have been sent to Mr. Griffin [had] been deleted from [her] phone mysteriously." (*Id.*) Glen Griffin and Kristin Robinson are named as Defendants in this action.

She additionally complains that she has "consistently complained of food tampering and moved to North Carolina where [Defendant] Antonio appears to be a certified nutritionist who would be well versed in the arena of tampering with food or altering food additives for weight loss." (*Id.*) On this point, she elucidates that Defendants Griffin, Robinson, and Wright "all appear to have an issue or have had an issue with weight management." (*Id.*) She asserts that Defendant Oswasei parks next to her, has a big black dog that charges her, and she believes he has tampered with her remote garage door. (*Id.*) Another Defendant, Carlene Zora "appears to be from Rochester Hills where [Plaintiff] used to live and had issues

5

with hair products and a hair stylist wanted to do [her] hair but [she] refused to let them and . . . [she] kept getting calls from a hair school asking [her] repeatedly if [she] was interested even after [she] declined and refused many times." (ECF No. 1, PageID.6.) Plaintiff continues with various other complaints about people she may or may not personally know, including allegations that "someone from the management company may be having sexual relations with my ex … and she or he is maliciously attacking me and scapegoating[,]" and concludes with the following sentence: "Since I have lived at Territorial [Road] a singer named ANGIE STONE has died in a fatal car accident and I sing loudly in my apartment regularly." (*Id.*, emphasis in original.) Angie Stone is not a defendant in this case.

There is no discernible claim or even cohesive theory presented in Plaintiff's complaint. Plaintiff asserts that "[a]ll of these problems appear to be stemming from some sort of retaliation because [she] call[s] the police or exercise[s] [her] rights of FREEDOM OF SPEECH," or because her neighbors overhear her when she says "something about anyone or anything." (ECF No. 1, PageID.5-6, emphasis in original.) To the extent she is attempting to bring a cause of action under 42 U.S.C. § 1983 for First Amendment retaliation, she has identified no state actor. Instead, it appears that she alleges some broad conspiracy by unrelated acquaintances, neighbors, or strangers to "retaliate" against her in odd and disconnected ways, such as when "her luggage was stolen in Delaware" or when

6

her "management company appeared to have [misused] her credit report information." (ECF No. 1, PageID.5-6.) Since all named defendants are alleged to be from Michigan, and (notwithstanding Plaintiff's string citation of federal statutes without further explanation or related factual allegations) the defendants are not afforded notice as to what the claims are against them and there is no discernible claim arising under the United States Constitution or federal statutes – let alone under any other body of law – this Court is unable to identify any basis for subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332. *See also Henry v. Mortg. Elec. Registration Sys.*, No. 15-cv-12469, 2015 U.S. Dist. LEXIS 173022, *10 (E.D. Mich. Nov. 30, 2025) (string cite of law "does not provide sufficient notice to Defendants of the claims they must defend.") (Patti, M.J.), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 172401 (E.D. Mich. Dec. 29, 2025) (Goldsmith, J.).

In sum, Plaintiff's complaint fails to set forth a claim upon which relief can be granted and, instead, appears to be grounded in unjustified suspicions, mistrust, speculation and delusion. *See Nietzke*, 490 U.S. at 327-28 (Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional."); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (dismissal appropriate when "the facts alleged rise to the level of the irrational or the wholly incredible"). As such, "Plaintiff's Complaint is frivolous, as [her] allegations are clearly baseless

7

and delusional," and should be dismissed. *See Dorr v. AT&T*, No. 12-10393, 2012 WL 694728, at *2 (E.D. Mich. Feb. 16, 2012) (collecting cases). Moreover, there is no discernible basis for subject matter jurisdiction.

### C. Conclusion

For the reasons stated above, Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8(a) and instead consists of wild and fantastical factual assertions; thus, the pleading "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §§ 1915(e)(2)(B)(ii). It also fails to identify any factual basis for this Court's subject matter jurisdiction. Accordingly, the Court should **DISMISS** Plaintiff's complaint (ECF No. 1).

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  June 11, 2025

                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE